IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-10-00358-CR

 

Robert Blake Adams,

                                                                                    Appellant

 v.

 

The State of Texas,

                                                                                    Appellee

 

 



From the 40th District
Court

Ellis County, Texas

Trial Court No. 34553CR

 



Opinion










 

            Robert Blake Adams was
convicted of the offense of felony murder based on the underlying offense of
felony driving while intoxicated and sentenced to sixty-five years in prison.  Tex. Pen. Code Ann. §§ 19.02(b)(3);
49.04 (West 2003).  Adams complains that the felony murder statute violates
federal due process because of the lack of a mens rea requirement, that
it was improper to convict him of murder based on the lack of a mens rea,
that the indictment should have been dismissed because he committed the offense
of intoxication manslaughter which cannot be the basis of a felony murder
conviction, that a death resulting from intoxication is not murder but rather
intoxication manslaughter, and that the evidence was insufficient.  Because we
find no error, we affirm the judgment of the trial court.

Facts

            Adams was driving on a
farm-to-market road when he crossed over the center stripe and struck another
vehicle, which resulted in the death of the driver of that vehicle.  His blood
alcohol content was .33 grams of alcohol per 100 milliliters of blood, which is
more than four times the legal limit of .08 grams.  Adams stipulated that he
had been convicted of driving while intoxicated twice previously.

Due Process and Mens Rea

Adams’s first four issues challenge the
constitutionality and legality of charging him with felony murder.[1]  The Texas Court of
Criminal Appeals has expressly rejected Adams’s claim that felony DWI, which
has no independent mens rea requirement, cannot serve as the underlying
felony for a felony murder conviction.  See Bigon v. State, 252 S.W.3d
360, 365, 373 (Tex. Crim. App. 2008); Lomax v. State, 233 S.W.3d 302,
307-08 (Tex. Crim. App. 2007).  Additionally, the Court of Criminal Appeals has
rejected the argument that intoxication manslaughter is the exclusive remedy
when a death results from a felony DWI.   Lomax, 233 S.W.3d at 309. 

Adams does not cite any Texas authority
showing that the Texas felony murder statute violates the federal
constitutional provision regarding due process.  Further, the cases he cites
fail to show that his conviction for felony murder is unconstitutional on due
process grounds because the charged offense lacked an element of culpable
criminal intent or mens rea.  The Supreme Court “has never articulated a
general constitutional doctrine of mens rea” and we have found no
authority that the Supreme Court has ever held a state criminal statute
unconstitutional for lack of scienter.  Powell v. Texas, 392 U.S. 514,
535, 88 S. Ct. 2145, 20 L. Ed. 2d 1254 (1968); see also Montana v. Egelhoff,
518 U.S. 37, 56, 116 S. Ct. 2013, 135 L. Ed. 2d 361 (1996) (“The doctrines of actus
reus, mens rea, insanity, mistake, justification, and duress have
historically provided the tools for a constantly shifting adjustment of the
tension between the evolving aims of the criminal law and changing religious,
moral, philosophical, and medical views of the nature of man.  This process of
adjustment has always been thought to be the province of the States.”); Lambert
v. California, 355 U.S. 225, 228, 78 S. Ct. 240, 2 L. Ed. 2d 228 (1957)
(“We do not go with Blackstone in saying that a ‘vicious will’ is necessary to
constitute a crime ... for conduct alone without regard to the intent of the
doer is often sufficient.  There is wide latitude in the lawmakers to declare
an offense and to exclude elements of knowledge and diligence from its
definition.”); Shevlin-Carpenter Co. v. Minnesota, 218 U.S. 57, 70, 30
S. Ct. 663, 54 L. Ed. 930 (1910) (“[P]ublic policy may require that in the
prohibition or punishment of particular acts it may be provided that he who
shall do them shall do them at his peril and will not be heard to plead in
defense good faith or ignorance.”); Lomax v. Thaler, No. H-09-0705, 2010
U.S. Dist. LEXIS 87683, 2010 WL 3362203, at 6 *4-5 (S.D. Tex. Aug. 25, 2010)
(addressing the same issue).  

The absence of scienter does not render
a statute invalid if there is some indication of legislative intent, express or
implied, to dispense with mens rea as an element of a crime.  United
States v. Staples, 511 U.S. 600, 605, 114 S. Ct. 1793, 128 L. Ed. 2d 608
(1994) (citations omitted).  In Lomax, the Court of Criminal Appeals
noted that, in enacting the Texas felony murder statute, there was “clear
legislative intent to plainly dispense with a culpable mental state.”  Lomax,
233 S.W.3d at 305 (citing Aguirre v. State, 22 S.W.3d 463, 472-76 (Tex.
Crim. App. 1999)).  The Court of Criminal Appeals observed that “the plain
language of § 19.02(b)(3) also does not exclude felony DWI as an underlying
felony for a felony-murder prosecution[.]”  Id. at 309.  Felony DWI,
which does not require proof of a culpable mental state, may serve as the
underlying felony in a felony murder prosecution.  Id. at 309.  The
Court has since reaffirmed the ruling that a felony DWI may serve as the
underlying offense in a felony murder conviction.  See Bigon v. State,
252 S.W.3d 360, 366 (Tex. Crim. App. 2008).  None of the authority provided by
Adams holds that felony murder cannot be charged in this manner or that his
conviction is invalid for lack of the requisite mens rea as it relates
to this offense.  We overrule issues one, two, three, and four.

Sufficiency of the Evidence

            Adams complains that the
evidence was insufficient in that the “act clearly dangerous to human life,”
which was driving across the center stripe of a roadway into the opposing lane
of traffic, was not “in furtherance of” the commission of the offense of felony
DWI.  See Tex. Pen. Code Ann.
§ 19.02(b)(3).  

In reviewing the sufficiency of the
evidence to support a conviction, we view all of the evidence in the light most
favorable to the prosecution in order to determine whether any rational trier
of fact could have found the essential elements of the crime beyond a
reasonable doubt.  Jackson v. Virginia, 443 U.S. 307, 319, 99 S. Ct.
2781, 2789, 61 L. Ed. 2d 560 (1979); Brooks v. State, 323 S.W.3d 893,
899 (Tex. Crim. App. 2010) (plurality op.).  

Adams does not contend that the evidence
was insufficient to prove that he in fact did cross the center stripe of the
roadway, which caused the collision in which an individual was killed.  Rather,
he contends that crossing the center stripe was not “in furtherance of” the
offense of felony DWI, which he contends should be defined as advancing or
promoting the commission of the underlying felony.  However, the Court of
Criminal Appeals rejected this specific contention in Bigon v. State,
which has very similar facts to the case before us.  Bigon v. State, 252
S.W.3d 360 (Tex. Crim. App. 2008) (“clearly dangerous act” was “driv[ing] a
heavily loaded Jeep towing a loaded trailer across the center stripe of a
roadway into the oncoming lane of travel.”)  We see no legally relevant
distinction between the facts of this case and the facts of Bigon.  The
evidence was sufficient to sustain Adams’s conviction in that a reasonable
juror could have determined beyond a reasonable doubt that the act of crossing
the center stripe, resulting in the collision that caused the death of an
individual was an act in furtherance of the offense of felony DWI.  We overrule
issue five.

Conclusion

            Having found no error in the
trial court’s judgment, we affirm the judgment of conviction.

 

                                                                        TOM
GRAY

                                                                        Chief
Justice

 

Before
Chief Justice Gray,

            Justice
Davis, and

            Justice
Scoggins

Affirmed

Opinion
delivered and filed June 8, 2011

Publish

[CRPM]









[1]
Specifically, Adams’s four issues are: (1) Federal due process is offended if a
non-regulatory criminal provision dispenses with a mens rea requirement;
(2) prosecuting a case where a death results from a person driving while
intoxicated as murder is contrary to Texas statutory law based on the failure
to require a mens rea; (3) the facts of this case established that
Appellant committed the offense of intoxication manslaughter [because] the
Texas felony murder statute specifically prohibits manslaughter from being the
underlying felony in a felony murder prosecution so this indictment should have
been dismissed; and (4) a death that results from driving while intoxicated
should be prosecuted as intoxication manslaughter and not murder.